# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELTA AIR LINES, INC., and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLARA YEUNG

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/02/2026 5:44 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Perez, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ~~Stanley Mosk Courthouse~~<br>~~111 North Hill Street, Los Angeles, CA 90012~~ TORRANCE COURTHOUSE<br>825 MAPLE AVENUE<br>TORRANCE CA 90503 | CASE NUMBER:<br>*(Número del Caso):*<br>**26TRCV00742** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Clara Yeung, 3943 Irvine Blvd., #1160, Irvine, CA 92602, 949 229 0574

David W. Slayton, Executive Officer/Clerk of Court

| DATE: 03/02/2026 | Clerk, by | P. Perez | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  DELTA AIR LINES, INC.

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.     [ Print this form ]  [ Save this form ]        [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Clara Yeung | | |

FIRM NAME:

STREET ADDRESS: 3943 Irvine Blvd., #1160

CITY: Irvine    STATE: CA    ZIP CODE: 92602

TELEPHONE NO.: 949 229 0574    FAX NO.:

EMAIL ADDRESS: clara@cylawoffices.com

ATTORNEY FOR (name): In Pro Per

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/02/2026 5:44 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Perez, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS: 111 N. Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse

TORRANCE COURTHOUSE
825 MAPLE AVENUE
TORRANCE, CA 90503

CASE NAME:
Yeung v. Delta Air Lines, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** [ ] **Limited** | [ ] Counter  [ ] Joinder | 26TRCV00742 |
| (Amount demanded exceeds $35,000) | (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3

→

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):

a. ☒ monetary

b. ☐ nonmonetary; declaratory or injunctive relief

c. ☐ punitive

4. Number of causes of action (specify): 2

5. Is this case a class action suit?    ☐ Yes    ☒ No

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/02/2026

Clara Yeung
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.

---

**Civil Case Cover Sheet**



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**Civil Case Cover Sheet**

For your protection and privacy, please press the Clear button after you have printed the form.

Print        Save        Clear

Clara Yeung, In Pro Per
3943 Irvine Blvd., #1160
Irvine, CA 92602
Telephone: (949) 229-0574
Email: clara@cylawoffices.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/02/2026 5:44 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Perez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

CLARA YEUNG,

        Plaintiff,

vs.

DELTA AIR LINES, INC., and DOES 1 through 50, inclusive,

        Defendants.

Case No.: 26TRCV00742

**COMPLAINT FOR DAMAGES**

1. NEGLIGENCE
2. PREMISES LIABILITY

Plaintiff CLARA YEUNG ("Plaintiff"), complaining of Defendant DELTA AIR LINES, INC., and DOES 1 through 50, inclusive, alleges as follows:

### PARTIES

1. Plaintiff CLARA YEUNG ("Plaintiff") is, and at all relevant times was, an individual residing in the County of Orange, State of California.

2. Defendant DELTA AIR LINES, INC. ("Delta") is a corporation organized and existing under the laws of a state other than California and is authorized to do business in the State of California. Delta is engaged in the business of commercial air transportation and operates flights, aircraft, jet bridges, and related passenger facilities throughout California and the United States, including at Los Angeles International Airport in Los Angeles County.

1
**COMPLAINT FOR DAMAGES**

3. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Delta owned, operated, controlled, managed, inspected, and maintained the jet bridge and passenger egress area used for boarding and disembarking passengers on the subject flight.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each DOE Defendant was in some manner legally responsible for the events and injuries alleged herein.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the jurisdictional minimum of this Court.

6. This Court has personal jurisdiction over Defendant Delta Air Lines, Inc. because Delta conducts substantial, continuous, and systematic business within the State of California, regularly operates commercial flights to and from California airports, and purposefully avails itself of the privileges and protections of California law. Delta's business activities within this State are sufficient to subject it to general and specific jurisdiction in California courts.

7. Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure sections 395 and 395.5. The transportation contract was performed in Los Angeles County, including Plaintiff's departure from Los Angeles International Airport. Delta conducts business in Los Angeles County, and the obligations arising from the subject transportation were to be performed in part in this County.

COMPLAINT FOR DAMAGES

## FACTUAL ALLEGATIONS

8. On March 14, 2025, Plaintiff was a fare-paying passenger on a Delta Air Lines commercial flight from Los Angeles International Airport to John F. Kennedy International Airport ("JFK") in New York.

9. After the aircraft arrived at JFK, Plaintiff exited the aircraft using the jet bridge provided by Delta for passenger egress. Plaintiff was rolling a standard carry-on suitcase by its handle in a normal and foreseeable manner. Plaintiff was using the jet bridge in the precise manner intended and anticipated by Delta, including rolling compliant carry-on luggage along the designated passenger egress path. Passengers routinely disembark commercial aircraft with rolling luggage, and Delta expects and accommodates such use. The risk that luggage wheels could catch on an uneven surface and transmit force to a passenger's wrist or upper extremity was reasonably foreseeable in this high-traffic disembarkation area.

10. While walking on the jet bridge, Plaintiff's suitcase abruptly stopped at a floor transition that was uneven, misaligned, or improperly maintained. The irregular floor surface caused the suitcase wheels to catch without warning. As a result, the suitcase pitched forward and forcibly twisted Plaintiff's right wrist.

11. Plaintiff immediately felt a cracking sensation and acute pain.

12. The uneven floor transition was not obvious to Plaintiff and created a tripping and force-transfer hazard for passengers rolling luggage in the ordinary manner anticipated by Delta. The condition existed in a high-traffic passenger walkway used continuously for boarding and disembarking.

13. Delta owned, operated, controlled, inspected, and maintained the jet bridge and passenger egress area. Through the exercise of reasonable care, including routine inspection and

**COMPLAINT FOR DAMAGES**

maintenance of a heavily trafficked jet bridge surface, Delta knew or should have known of the uneven floor condition and the risk it posed to passengers. Despite this, Delta failed to repair the condition, level the surface, place warnings, or otherwise make the area safe.

14. After exiting the jet bridge, Plaintiff sought medical assistance inside the terminal. Plaintiff first inquired with personnel at a nearby gate counter and was informed that no medical staff or medical office was available in the airport. Plaintiff then approached the customer service concierge and again inquired about medical assistance, and again was informed that no medical office or medical personnel were available. In significant pain, Plaintiff obtained ice from a Starbucks located within the restricted area of the terminal to manage swelling and discomfort.

15. From the airport, Plaintiff traveled directly to an urgent care facility with available radiology services. Diagnostic imaging performed that night confirmed a fracture of the right wrist.

16. Upon returning to California, Plaintiff was evaluated by an orthopedic specialist on March 24, 2025. Follow-up examination and imaging confirmed a distal radius fracture, and Plaintiff required immobilization and casting as part of her treatment.

17. Plaintiff experienced prolonged pain, weakness, stiffness, and functional limitation affecting grip strength, lifting, typing, driving, childcare, and routine daily activities.

18. An MRI performed in August 2025 demonstrated objective inflammatory findings, confirming ongoing post-traumatic pathology. The MRI findings correlate with Plaintiff's continued symptoms and confirm that the injury was not a transient sprain but a structural and inflammatory condition with ongoing sequelae. Plaintiff continues to experience persistent pain, weakness, reduced range of motion, and episodic flare-ups with repetitive

4

COMPLAINT FOR DAMAGES

use. Plaintiff is informed and believes, and on that basis alleges, that she will continue to suffer functional limitation, require intermittent medical evaluation and treatment, and experience future pain and loss of earning capacity as a result of the subject injury.

19. As a result of the injury, Plaintiff was required to reduce her work hours in salaried employment and limit the number of professional matters she could accept in her independent practice, causing disruption to her professional activities.

20. Plaintiff has incurred medical expenses and out-of-pocket costs.

21. Plaintiff continues to experience ongoing pain, reduced strength, and intermittent stiffness in her right wrist. Prolonged typing, lifting, gripping, and repetitive use cause increased pain and discomfort. Plaintiff has not returned to her pre-injury baseline, and the effects of the injury remain ongoing.

### FIRST CAUSE OF ACTION

### (Negligence - Common Carrier Liability)

### (Against All Defendants)

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. At all relevant times, Defendant Delta Air Lines, Inc. was engaged in the business of transporting passengers for hire and was acting as a common carrier.

24. Plaintiff was a fare-paying passenger and had not completed the process of disembarkation at the time of the incident. A passenger remains within the protection of a common carrier's duty while boarding and disembarking.

25. As a common carrier of persons for reward, Delta owed Plaintiff the utmost care and diligence for her safe carriage and was required to use the highest degree of care and

COMPLAINT FOR DAMAGES

vigilance reasonably practicable under the circumstances to prevent injury to her. This heightened duty applied throughout the process of disembarkation, including Plaintiff's use of the jet bridge and passenger egress path provided and controlled by Delta.

26. In light of this heightened duty, Delta was required to exercise the utmost care in inspecting, maintaining, and ensuring that the jet bridge walking surfaces were level, secure, and safe for ordinary and foreseeable passenger use, including use by passengers rolling carry-on luggage. Delta's failure to identify and correct the uneven or misaligned floor transition, or to warn passengers of the hazard, constituted a breach of its duty of utmost care.

27. The risk that a passenger's rolling suitcase would catch on an uneven transition and transmit force to the passenger's wrist or upper extremity was reasonably foreseeable in a high-traffic disembarkation area where passengers routinely roll luggage.

28. The dangerous condition existed for a sufficient period of time that, through the exercise of the utmost care and reasonable inspection of a heavily trafficked jet bridge surface, Delta knew or should have known of the condition and the risk it posed.

29. Despite actual or constructive notice, Delta failed to repair the condition, failed to level the surface, failed to implement temporary safety measures, and failed to warn passengers of the hazard.

30. Delta's negligence was a substantial factor in causing Plaintiff's right distal radius fracture, post-traumatic inflammatory pathology, pain, functional limitation, and resulting damages according to proof.

31. As a direct and proximate result of Delta's negligence, Plaintiff suffered physical injury, including a distal radius fracture and post-traumatic inflammatory pathology, and has endured pain, suffering, loss of function, and diminished strength. Plaintiff has incurred

6

COMPLAINT FOR DAMAGES

medical expenses and other out-of-pocket costs and has experienced disruption to her professional activities, including past and future income-related losses and loss of earning capacity, in an amount according to proof. Plaintiff is entitled to recover all general and special damages permitted by law, prejudgment interest as allowed by law, and costs of suit.

## SECOND CAUSE OF ACTION

### (Premises Liability)

### (Against All Defendants)

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33. At all relevant times, Defendants owned, leased, occupied, controlled, inspected, managed, or maintained the jet bridge and passenger egress area where Plaintiff was injured.

34. The jet bridge constituted premises under California law. Defendants had a duty to exercise reasonable care to maintain the premises in a reasonably safe condition and to protect lawful users from unreasonable risk of harm.

35. The uneven or misaligned floor transition described above constituted a dangerous condition because it created a substantial risk that luggage wheels would catch and abruptly stop, transmitting force to a passenger's body and causing injury.

36. Plaintiff was lawfully on the premises as a fare-paying passenger and was using the jet bridge in the manner intended and reasonably foreseeable.

37. The dangerous condition existed for a sufficient time and in such a location that, through the exercise of reasonable care in inspection and maintenance of a heavily trafficked passenger walkway, Defendants knew or should have known of its existence.

COMPLAINT FOR DAMAGES

38. Defendants failed to repair the dangerous condition, failed to correct the uneven transition, and failed to provide adequate warning of the hazard.

39. The dangerous condition was a substantial factor in causing Plaintiff's injuries and resulting damages, including medical expenses, out-of-pocket costs, pain, suffering, and functional limitation, in an amount according to proof.

40. As a direct and proximate result of the dangerous condition of the premises and Defendants' failure to repair or warn of that condition, Plaintiff suffered physical injury, including a distal radius fracture and post-traumatic inflammatory pathology, and has endured pain, suffering, loss of function, and diminished strength. Plaintiff has incurred medical expenses and other out-of-pocket costs and has experienced disruption to her professional activities, including past and future income-related losses and loss of earning capacity, in an amount according to proof. Plaintiff is entitled to recover all general and special damages permitted by law, prejudgment interest as allowed by law, and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to medical expenses, out-of-pocket costs, and income-related losses, according to proof;

3. For loss of earning capacity, if any, according to proof;

4. For prejudgment interest as permitted by law;

5. For costs of suit incurred herein;

6. For attorney's fees to the extent authorized by statute or other applicable law; and

8

7. For such other and further relief as the Court deems just and proper.

Dated March 2, 2026

By: _____
Clara Yeung, Plaintiff

COMPLAINT FOR DAMAGES